UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

CODA STOVALL                                    NUMBER 12-133-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 1, 2014.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                  CRIMINAL ACTION

CODA STOVALL                                            NUMBER 12-133-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Coda Stovall. Record document number 289.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

**I. Procedural History**

On September 10, 2013, the petitioner pled guilty to one count Conspiracy to Distribute and to Possess with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846. On January 9, 2014, the petitioner was sentenced to imprisonment for a term of 70 months. Petitioner did not appeal his conviction or sentence.

Petitioner signed his § 2255 motion on April 15, 2014, and it was filed on April 21, 2014. Petitioner asserted the following grounds for relief:

Ground One    the district court erred in assigning three
              criminal-history points related to his July
              27, 1996 arrest and subsequent conviction on

|  |  |
|---|---|
|  | a charge of distribution of cocaine in the Nineteenth Judicial District Court for the Parish of East Baton Rouge; |
| Ground Two and Ground Three | the district court erred in assigning one criminal-history point related to his September 1, 2001 arrest and subsequent conviction on charges of operating a vehicle while intoxicated and failure to maintain control in the Baton Rouge City Court; and, |
| Ground Four | the base offense level under the USSG should have been 26 rather than 28. |

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Grounds for § 2255 Motion

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### B. Procedural Default

Generally, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause for not doing so and that he was prejudiced by the alleged error.

*United States v. Frady*, 456 U.S. 152, 167-168, 102 S.Ct. 1584 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622, 118 S.Ct. 1604 (1998).

It is well settled that a § 2255 motion is not a substitute for a direct appeal.[1] A prisoner may not assert a sentencing error claim for the first time in a collateral attack unless he shows cause for his procedural default and actual prejudice resulting from the asserted error. *United States v. McGrew*, 397 Fed. Appx. 87, 91 (5th Cir. 2010). The § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F2d 1297, 1301 (5th Cir. 1992).

Petitioner did not argue that he has overcome the procedural bar by demonstrating the necessary cause and prejudice[2] or a

---

[1] Petitioner asserted that he did not raise any of these grounds for relief on appeal because hew was advised not to appeal by his attorney. Petitioner entered into a Plea Agreement in which he waived his rights to appeal and to challenge his conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, except in circumstances which do not apply here. Record document number 140, p. 4, ¶ 10.

[2] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.
    In addition to establishing cause for his procedural default,
(continued...)

fundamental miscarriage of justice.³ Consequently, the petitioner's claims are procedurally barred.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, July 1, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

²(...continued)
the petitioner must also show actual prejudice to overcome it. *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

³ To establish a fundamental miscarriage of justice, the petitioner must demonstrate his actual innocence. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

4